UNITED STATES of America,
Plaintiff–Appellee,

v.

Anthony MONDAINE, Defendant–
Appellant.

No. 90–3282.

United States Court of Appeals,
Tenth Circuit.

Feb. 10, 1992.

---

David J. Phillips, Asst. Federal Public Defender (Charles D. Anderson, Federal Public Defender with him, on the brief), Kansas City, Kan., for defendant-appellant.

Robert S. Streepy, Asst. U.S. Atty. (Lee Thompson, U.S. Atty., with him, on the

brief), Kansas City, Kan., for plaintiff-appellee.

Before SEYMOUR and EBEL, Circuit Judges, and MATSCH, District Judge *.

SEYMOUR, Circuit Judge.

■ Anthony Mondaine appeals the district court's calculation of his sentence for distribution of cocaine. Mondaine was charged in two counts of a three-count indictment. Count one alleged that on March 1, 1989, Gregory Payton distributed cocaine base in violation of 21 U.S.C. § 841(a)(1) (1988); count two charged Payton and Mondaine with distributing cocaine base on April 7, 1989; and count three alleged that Mondaine distributed cocaine base on April 18, 1989. Mondaine pled guilty to count two and was sentenced to seventy-eight months in prison and four years of supervised release under the applicable version of the United States Sentencing Commission's Guidelines Manual (hereinafter "Guidelines"). On appeal, Mondaine challenges his sentence, contending that the district court erred (1) by counting a municipal ordinance conviction toward his criminal history score; and (2) by considering criminal conduct other than his offense of conviction in assessing whether he was a minor participant in the offense for which he pled guilty. We review legal questions concerning the sentencing guidelines de novo. *United States v. Rutter*, 897 F.2d 1558, 1560 (10th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 88, 112 L.Ed.2d 60 (1990).

## I.

The presentence report (PSR) assigned Mondaine a criminal history score of seven, which placed him in category IV. In calculating this score, the PSR included one point for a 1979 misdemeanor conviction in municipal court for which Mondaine received a fine of $100.[1] Over Mondaine's

objection, the district court concluded that the applicable guideline did not exclude the municipal conviction from the calculation of Mondaine's criminal history.

■ A defendant is ordinarily sentenced under the guidelines in effect on the date of sentencing. *See United States v. Saucedo*, 950 F.2d 1508, 1512 (10th Cir. 1991). Mondaine was sentenced on September 10, 1989. The relevant guideline provided that misdemeanor offenses are counted in a defendant's criminal history score with the following exceptions, one of which Mondaine urges applies here:

> "Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:
>> Contempt of court
>> Disorderly conduct or disturbing the peace
>> Driving without a license or with a revoked or suspended license
>> False information to a police officer
>> Fish and game violations
>> Gambling
>> Hindering or failure to obey a police officer
>> Leaving the scene of an accident
>> *Local ordinance violations*
>> Non-support
>> Prostitution
>> Resisting arrest
>> Trespassing."

Guidelines, § 4A1.2(c)(1) (emphasis added).

Mondaine argues that his 1979 misdemeanor conviction was for a local ordinance violation and that, under the guideline set out above, the conviction should not be counted because he did not receive a sentence of at least a year of probation or

---

* Honorable Richard P. Matsch, United States District Judge for the District of Colorado, sitting by designation.

1. The incident underlying this conviction occurred when the police attempted to arrest another individual. Mondaine was part of a large crowd of people who gathered and began throwing rocks and bottles at the police. Mondaine was seen throwing a bottle at one of the officers and was originally charged in municipal court with aggravated assault. The charge was reduced to a misdemeanor, and Mondaine received a $100 fine.

thirty days in jail. The district court disagreed, stating that a local ordinance violation does not fall within the quoted exclusion if it "mirrors a state misdemeanor law." Rec., vol. IV, at 18.

The plain language of the guideline states that local ordinance violations are excluded from the criminal history calculation unless those violations result in the requisite sentence of probation or imprisonment. The exclusion does not qualify the term "local ordinance violations" in any way. We therefore conclude that the sentencing judge proceeded under an erroneous construction of the guideline.

▮▮▮ This guideline has since been amended to reflect the district court's view, and now specifically states that the exception excludes "local ordinance violations that are also criminal offenses under state law." Guidelines, § 4A1.2(c)(1) (effective Nov. 1, 1990). Although "[c]ourts frequently consider *clarifying* amendments to discern the Sentencing Commission's intent as to application of the pre-amendment guideline," *Saucedo*, 950 F.2d at 1514 (emphasis added), relying on a *substantive* amendment that occurs after the date of the offense at issue and operates to the detriment of a defendant raises critical ex post facto problems. *Id.* The Sentencing Commission views the amendment here as merely one that "clarifies the application of § 4A1.2(c)(1) in respect to certain offenses prosecuted in municipal courts." Guidelines App. C, at C.197. The Commission's characterization, while entitled to deference, is not conclusive. *See United States v. Frederick*, 897 F.2d 490, 494 (10th Cir.) (quoting *United States v. Guerrero*, 863 F.2d 245, 250 (2d Cir.1988), *cert. denied*, — U.S. ——, 111 S.Ct. 171, 112 L.Ed.2d 135 (1990)). In *Saucedo*, we refused to accept the Commission's characterization of an amendment to the commentary as merely clarifying because we were required to overrule precedent construing the guideline in order to interpret it consistently with the amended commentary. In the instant case, while we do not have judicial authority interpreting the guideline at issue, the language of the guideline itself has been amended. Notwithstanding the deference due the Commission, such a change is substantive unless it does no more than " 'clarify a meaning that was fairly to be drawn from the original version.' " *Frederick*, 897 F.2d at 494 (quoting *Guerrero*, 863 F.2d at 250).

Here, the amendment adds to the language of the guideline so as to broaden the range of municipal ordinance violations countable in the criminal history calculation and increase the potential sentence. Given the plain meaning of the pre-amendment version under which *all* municipal ordinance violations without the requisite sentences are excluded, we conclude that the amendment makes a substantive change in the law rather than a clarification of pre-existing law. Accordingly, we hold that the pre-amendment version of the guideline is applicable. *See United States v. Hewitt*, 902 F.2d 1082 (2d Cir.1990) (amendment pending appeal that removed minor offense limitation not applied because it altered rather than clarified the guideline). Under that guideline Mondaine's municipal ordinance conviction should not have been considered part of his criminal history.

## II.

▮▮▮ Mondaine also argues that the district court erred in its application of the guideline that provides a reduction in a defendant's base offense level for his role in the offense. The guideline states: "Based on the defendant's role in the offense, decrease the offense level as follows: .... If the defendant was a minor participant in any criminal activity, decrease by two levels." Guidelines, § 3B1.2(b). Mondaine argues that in assessing the availability of the minor-participant reduction, a district court must consider only the defendant's role in the offense of conviction, without reference to other instances of criminal conduct. The PSR, which the district court found to be correct, recommended that the decrease be denied. In so doing, the report considered Mondaine's conduct in the alleged April 18 distribution of cocaine, an offense for which he was not convicted.

The government concedes that under our decision in *United States v. Pettit*, 903 F.2d 1336, 1341 (10th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 197, 112 L.Ed.2d 159 (1990), the district court could look only at the offense of conviction in considering whether Mondaine was a minor participant.[2] Nonetheless, the government contends that the court's determination was not clearly erroneous in view of the evidence, and must therefore be upheld on appeal. We disagree. The district court stated that it believed the PSR had correctly analyzed the minor-participant issue when the PSR had, in fact, erroneously rested its analysis in part on conduct other than that underlying the offense of conviction. We cannot be certain that the court would have reached the same result absent the improper evidence, and we must therefore remand for resentencing. *Cf. United States v. Dean*, 908 F.2d 1491, 1496 (10th Cir.1990) (reliance on improper ground for departure requires remand because appellate court unsure same departure would have occurred absent error).

### III.

■ The government also argues that Mondaine's objections are moot because the district court departed downward from criminal history level IV to level III and sentenced Mondaine at the low end of the guideline range. If the court had given Mondaine the two-point reduction for his role in the offense, the resulting range would have overlapped the range under which he was actually sentenced. The government argues that since Mondaine was given the benefit of a reduction in his criminal history level and the resulting sentence was within both of the arguably applicable ranges, his objections should not be reviewed on appeal.

This court considered a similar argument in *United States v. Urbanek*, 930 F.2d 1512, 1515–16 (10th Cir.1991), and stated that "we cannot agree with the government that no remand is required simply because the sentence imposed was within either of two arguably applicable Guideline ranges." *Id.* at 1516. Instead, we concluded that a remand for resentencing was compelled "[u]nless the district court makes it clear during the sentencing proceeding that the sentence would be the same under either of the applicable Guideline ranges." *Id.*

In the instant case, the sentencing judge opined that construction of the term "local ordinance violation" was a close question. Rec., vol. IV at 18. He also departed downward from criminal history level IV to level III upon concluding that level III "more adequately represents the seriousness of the defendant's criminal history." *Id.* at 19. However, the judge did not indicate whether he would have departed downward to level II if he had determined Mondaine's criminal history to be level III and had disregarded the 1979 municipal court conviction. Likewise, the court did not specifically state that it would have imposed the same sentence even if Mondaine were entitled to a reduction for his minor role in the offense. Under *Urbanek*,

---

**2.** The introductory commentary to Part B was amended, effective Nov. 1, 1990, and now states that the determination of a defendant's role in the offense is to be made on the basis of all relevant conduct, and not solely on the basis of the offense of conviction. This amendment and its application in light of our cases is discussed in *United States v. Saucedo*, 950 F.2d 1508 (10th Cir.1991), in which we concluded that retrospective application of the amendment is barred by the ex post facto clause. In *Saucedo*, we also pointed out that *Pettit* was not followed in our later case of *United States v. Riles*, 928 F.2d 339 (10th Cir.1991). We said:

"In *United States v. Riles*, 928 F.2d 339 (10th Cir.1991), we interpreted the same version of the guidelines at issue in *Pettit* as requiring

the sentencing court to consider all relevant conduct in determining whether a defendant is entitled to a downward adjustment for a mitigating role in the offense pursuant to U.S.S.G. 3B1.2. *Id.* at 343. Contrary to our holding in *Pettit*, we held that 'in deciding whether the defendant played a minimal or minor role ... in a drug offense, a sentencing court properly considers his role in all distributions which are part of the same pattern of conduct.' *Id. Riles* and *Pettit* are fundamentally at odds and lack any principled distinction."

950 F.2d at 1512. The government has not urged us to apply *Riles*, and as *Saucedo* indicates, *Pettit* was the law in this circuit prior to the change in the guideline commentary.

therefore, a remand for resentencing is necessary.

REVERSED and REMANDED for resentencing in light of this opinion.