**UNITED STATES of America, Plaintiff,**

v.

**Ryan NIELSON, Defendant.**

No. 92–CR–0062–S.

United States District Court,
D. Utah, C.D.

Feb. 10, 1993.

David J. Schwendiman, Richard D. McKelvie, Asst. U.S. Attys., Salt Lake City, Utah, for plaintiff.

Larry R. Keller, Salt Lake City, Utah, for defendant.

### ORDER

SAM, District Judge.

The court has elected to treat the defendant's inquiry of January 16, 1993 as a motion for a one-level reduction of sentence based on an amendment to the United States Sentencing Guideline Section 3E1.1 effective November 1, 1992.

For the reasons set forth in the attached Report and Recommendation of United States Magistrate Judge Ronald N. Boyce, the relevant portions of which the court adopts herein by reference, defendant's motion for a one-level reduction of sentence is DENIED.

Defendant has also requested assignment to the "boot camp" program operated by the Bureau of Prisons.

After sentencing, jurisdiction of a defendant is given to the United States Bureau of Prisons. This court is not empowered with discretion to order specific placement of a prisoner who is under the jurisdiction of the Bureau of Prisons. Accordingly, the court may not grant the requested assignment.

### APPENDIX

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

Case No. 92–NC–130 G

Anh Tuan Pham, Plaintiff(s),

vs.

United States of America, Defendant(s).

REPORT AND RECOMMENDATION

The movant, Anh Tuan Pham, has made a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The movant was sentenced

by this court on May 11, 1992. The movant apparently pled guilty to one count of possession of controlled substance (crack cocaine) under 21 U.S.C. § 844. At the time of sentencing movant was given a two point reduction in his sentencing score for acceptance of responsibility under U.S.S.G. 3E1.1 as that provision was then written. The movant was sentenced to a term of imprisonment of ninety five (95) months.

The movant alleges that the provisions of U.S.S.G. 3E1.1 have, since his sentence, been amended in subsection (b) to allow for an additional one point reduction for providing information to the government or giving timely notice of an intention to plead guilty. Movant requests he now be given the one point reduction under the amended guideline. U.S.S.G. 3E1.1 providing for the new one point reduction became effective November 1, 1992, which was after the movant's conviction had become final.[1]

The case has been referred to the magistrate judge under 28 U.S.C. § 636(b)(1)(B). The motion has been reviewed pursuant to Rule 4, *Rules Governing Section 2255 Proceedings*. This report and recommendation is submitted pursuant to the reference.

■ It is established that the appropriate guidelines to be applied at sentencing are those in force at the time of sentencing rather than at the time of the offence. *United States v. Underwood*, 938 F.2d 1086 (10th Cir.1991); *United States v. Saucedo*, 950 F.2d 1508 (10th Cir.1991); *United States v. Stanberry*, 963 F.2d 1323 (10th Cir.1992); *United States v. Restrepo*, 903 F.2d 648 (9th Cir.1990); 18 U.S.C. § 3553(a)(5), (a)(4).

Movant is not entitled to the application of any change in the guidelines after his sentence has become final unless a statute or guideline provision allows such a change. 18 U.S.C. § 3582(c) expressly provides a " . . . court may not modify a term of imprisonment once it has been imposed except that . . . (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o* ), upon motion of the defendant . . . the court

may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission* " (Emphasis added).

In this case the range for movant's sentence has not been reduced. Further, U.S.S.G. 1B1.10 treating "Retroactivity of Amended Guideline Range (Policy Statement)" provides in subsection (a):

Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the guidelines listed in subsection (d) below, a reduction in the defendant's term of imprisonment may be considered under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (d) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement.

The amendments to which the policy statement applies are set forth in subsection (d). These refer to numbered amendments in the United States Sentencing Commission Guidelines Manual, Appendix C, November 1, 1992. The November, 1992 amendment to U.S.S.G. 3E1.1 is guidelines amendment 459 p. 281 in Appendix C. That amendment is not listed in U.S.S.G. 1B1.10(d) as a basis for retroactive application of the guidelines. Consequently, the amendment "is not consistent with this policy statement" under § 1B1.10 and cannot be a basis for a motion to reduce under 18 U.S.C. § 3582(c)(2).

■ Although Sentencing Commission policy statements are normally only advisory, *United States v. Brooks*, 976 F.2d 1358 (10th Cir.1992) (Chapter 7 guidelines); *United States v. Lee*, 957 F.2d 770 (10th Cir.1992) (supervised release), in this case, under 18 U.S.C. § 3582(c) a reduction is allowed only if it is in conformity with the sentencing guidelines policy statement. U.S.S.G. § 1B1.10 provides the basis for retroactive application of a change in the guidelines *Braxton v. United States*, —— U.S. ——, 111 S.Ct. 1854, 114 L.Ed.2d 385 (1991) ("In addition to the duty to review and revise the guidelines, Congress has granted the Com-

---

1. Movant has not otherwise alleged he fits within      the amended guideline.

mission the unusual explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect, 28 U.S.C. § 994(a). This power has been implemented in Guideline § 1B1.10, which sets forth the Amendments that justify sentence reduction" (—— U.S. at ——–——, 111 S.Ct. at 1857–58)). Thus, if the guideline does not allow reduction, the court should not entertain such a request. c.f. *Isabel v. United States,* 980 F.2d 60, 62 n. 4 (1st Cir.1992). In this case the guideline is binding on the retroactive reduction allowance and since movant's request does not come within U.S.S.G. § 1B1.10 or 18 U.S.C. 3582(c)(2) the motion to vacate under 28 U.S.C. § 2255 should be denied.

### Conclusion

The movant's motion to vacate his sentence should be denied.

Copies of the foregoing report and recommendation are being mailed to the parties. They are hereby notified of their right to file objections hereto within 10 days from the receipt hereof.

DATED this 22nd day of December, 1992.

Ronald N. Boyce
Ronald N. Boyce
United States Magistrate Judge