9 F.3d 118
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Cheryl D. HARRISON, Defendant-Appellee.
 No. 92-3317.
 United States Court of Appeals,
 Tenth Circuit.
Oct. 26, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Cheryl Harrison pled guilty to the charge of bank robbery. The district court departed downward from the sentence recommended by the United States Sentencing Commission, Guidelines Manual ("U.S.S.G." or "guidelines"), holding that the portion of Ms. Harrison's sentence resulting from her criminal history overrepresented the seriousness of her previous infractions. The issue on appeal is whether the degree of downward departure assigned by the district court judge was reasonable. We remand for a more detailed explanation of the degree of downward departure taken by the district court.
 
 I.
 
 3
 Ms. Harrison was indicted on a charge of bank robbery, in violation of 18 U.S.C. 2113(a) and 18 U.S.C. 2. The Assistant U.S. Attorney and Ms. Harrison's defense counsel negotiated a plea bargain, stipulating that Ms. Harrison would enter a plea of guilty in exchange for the government's recommendation that she be sentenced at the low end of the applicable sentencing range under the guidelines,[2] that she receive a two-point decrease in her base offense level ("BOL") for acceptance of responsibility, and that she be allowed to serve her federal sentence concurrently with a state sentence for the same offense.[3]
 
 
 4
 Ms. Harrison's BOL, taking into account specific offense characteristics and her acceptance of responsibility, was 20, and her criminal history category was determined to be level VI. This criminal history assessment sprang from the following prior conduct: five DUI convictions, one in combination with a failure to yield; one conviction for prostitution, in association with which she had an outstanding arrest warrant for probation violation at the time she participated in the bank robbery at issue here; one conviction for a combination of possession of stolen property, possession of drugs without a prescription, and possession of a syringe; and one conviction for a combination of drawing a deadly weapon and battery, stemming from an incident in which Ms. Harrison apparently fired a handgun into a car. R. Vol. IV at 1/2 1/222-29. In addition, her criminal history score included two points for being under a criminal justice sentence at the time of the commission of the crime for which she was being sentenced, and one point for committing the crime for which she was being sentenced within two years following release from confinement for one of her previous convictions. Id. at 1/2 1/230-31. The sentence range for a BOL of 20 with a criminal history level VI is 70-87 months. U.S.S.G. Ch.5, Pt.A (Table).
 
 
 5
 Ms. Harrison did not file objections to the presentence report. However, at the sentencing hearing, Ms. Harrison's attorney objected to the severity of her sentence under the guidelines, arguing that the length of her sentence was doubled as a result of her criminal history level. He pointed out that her criminal history was dominated by the repercussions of substance abuse. R. Vol. II at 6-8. In response, the Assistant U.S. Attorney argued that her criminal history score was accurately computed and that under the guidelines she had to take responsibility for the accumulation of her previous criminal behavior. Id. at 9-10.
 
 
 6
 The district court agreed with the defense attorney's argument, holding that a criminal history level of VI overrepresented the seriousness of her previous conduct. The district court departed downward, imposing a thirty-six month term of imprisonment. Id. at 11-12. This sentence falls within the 33-41 month range for a criminal history level I with a BOL of 20. U.S.S.G. Ch.5, Pt.A (Table).
 
 
 7
 The government appealed this sentence as an inappropriate downward departure. In that earlier appeal, guided by the three-step analytical procedure outlined in United States v. Maldonado-Campos, 920 F.2d 714, 719-20 (10th Cir.1990),[4] we held: "U.S.S.G. 4A1.3 authorizes a departure if the defendant's criminal history is overstated. Under the circumstances described in the presentence report, including the repetitive drunk driving offenses and pending charges in state court, we hold that the district court's finding that a downward departure is warranted was not clearly erroneous." United States v. Harrison, No. 90-3380, Order and Judgment at 2-3 (10th Cir. June 17, 1992). However, we held that, as to step three of the Maldonado-Campos analysis, "the sentence is not reviewable because the district court did not articulate reasons for a sentence of only one-half of the minimum period for confinement required by the application of the sentencing guidelines." We remanded the case "with directions that the sentencing judge expressly articulate reasons for the degree of departure." Id. at 3.
 
 On remand, the district court responded:
 
 8
 At the time this court reviewed the presentence report, particularly with regard to the criminal history, I was persuaded that the defendant's past criminal history was not of sufficient severity to significantly enhance the sentence.... Moreover, I was convinced that if the defendant or her attorney, or the Assistant United States Attorney, had appreciated the significance of her criminal history at the time of her plea, additional terms would surely have been reached in the plea bargain.....
 
 
 9
 It is clear from the record that I did not adequately articulate my reasons for a downward departure, but again, in my view the sentence imposed was not so much a departure as it was a discretionary rejection of the weight assigned to defendant's past history. In addition, a sentence of 70 months, as opposed to the 36 months imposed here, would be geared solely to the defendant's criminal history and would ignore the fact that the criminal history is significantly less serious than that typically found with a defendant involved in bank robbery.
 
 
 10
 United States v. Harrison, No. 90-10037-02, Memorandum at 2-3 (D.Kan. Aug. 12, 1992).
 
 
 11
 The government brought this second appeal, contending that even if downward departure was appropriate in this case, the degree of downward departure assigned in Ms. Harrison's sentencing was unreasonable.[5] We have recognized that "the question of what is 'unreasonable' is the most elusive part of the [three-part] analysis." United States v. Pena, 930 F.2d 1486, 1495 (10th Cir.1991). To assist with that analysis, we have held that the district court must state the reasons for imposition of a particular sentence, allowing " 'the kind of meaningful review intended by 3742 of the Sentencing Reform Act.' " Id. (10th Cir.1991) (quoting United States v. Smith, 888 F.2d 720, 724 (10th Cir.1989), cert. denied, 494 U.S. 1068 (1990)).[6] We have also specified the kinds of factors relevant to a determination of the reasonableness of the degree of downward departure:
 
 
 12
 We ... examine the district court's reasons [for downward departure] in light of the factors which the Sentencing Reform Act deems relevant in imposing a sentence. Those factors are found mainly in 18 U.S.C. 3553(a)(1988) and include: the nature and circumstances of the offense; the seriousness of the offense; the history and characteristics of the defendant; the need for just punishment; deterrence; protection of the public from further crimes of the defendant; [and] any pertinent policy statements of the sentencing commission....
 
 
 13
 Pena, 930 F.2d at 1496.
 
 
 14
 On appeal, we review the specificity of the district court's explanation of its degree of downward departure:
 
 
 15
 In deciding whether the district court's reasoning comports with [the] statutory considerations, it is necessary to "leave considerable discretion in the hands of the sentencing judge." United States v. White, 893 F.2d , 278 [ (10th Cir.1990) ]. The issue is not whether we would have departed to the exact extent that the sentencing judge did, but whether the judge's statement reflects a reasoned, persuasive review of the statutory considerations.
 
 
 16
 Pena, 930 F.2d at 1496. With respect to this review, we find the Seventh Circuit's standard helpful: "The sentencing judge is ... required to articulate the specific factors justifying the extent of his departure and adjust the defendant's sentence by utilizing an incremental process that quantifies the impact of the factors considered by the court on the defendant's sentence." United States v. Thomas, 930 F.2d 526, 531 (7th Cir.), cert. denied, 112 S.Ct. 171 (1991).
 
 II.
 
 17
 If we parse out and paraphrase the district court's response to our directive on remand, that court gave the following reasons for the degree of departure in this case: (1) The sheer quantity of increase in Ms. Harrison's sentence attributable to her criminal history under the guidelines (thirty-six months) was out of proportion to the seriousness of her previous criminal conduct; (2) The "weight" or percentage of Ms. Harrison's sentence attributable to her criminal history under the guidelines (nearly 50%) was out of proportion to the seriousness of her criminal history; (3) Her criminal history was significantly less serious than that typically encountered with a defendant involved in bank robbery; and (4) The sentence derived from a strict application of the guidelines was not a just punishment under the circumstance of both the defense and government attorneys' lack of information about Ms. Harrison's criminal history prior to the plea bargain negotiations.[7]
 
 
 18
 This explanation partially satisfies the court's responsibility to explain its degree of downward departure, but the court did not go on to explain why these reasons resulted in the precipitous drop in Ms. Harrison's criminal history category, from level VI to level I. We recognize that the law of this case holds that criminal history level VI overrepresents the seriousness of Ms. Harrison's past conduct. However, the district court has not provided any rationale for so severely discounting her prior history during sentencing.
 
 
 19
 Several aspects of Ms. Harrison's prior conduct appear to belie the district court's degree of departure. First, the commentary accompanying the guidelines instructs us that the level I category is intended to apply to those without any criminal history. U.S.S.G. 4A1.3 ("The lower limit of the range for a Category I criminal history is set for a first offender with the lowest risk of recidivism."). The presentence report's compilation of Ms. Harrison's numerous previous convictions is uncontroverted. See R. Vol. IV, Addendum (neither the government nor the defendant, through counsel, communicated any objections to the information contained in the presentence investigation report).
 
 
 20
 Second, while it is true that Ms. Harrison's criminal history was dominated by convictions arising from substance abuse, her prior conviction for drawing a deadly weapon and battery warrants serious consideration. The district court provided no explanation for ignoring the serious nature of the charges leading to this conviction.
 
 
 21
 Third, three points were added to Ms. Harrison's criminal history score because her involvement in the bank robbery occurred while she was under another criminal penalty sentence and occurred within two years of confinement under another sentence. The district court made no mention of these elements of Ms. Harrison's criminal history determination.
 
 
 22
 In addition, although the guidelines specifically limit the lower sentences of criminal history level I to those with a low risk of recidivism, the district court did not mention this element or its application to Ms. Harrison's sentencing. The district court did not address the potential for deterrence mentioned in the Pena list of factors, or Pena 's suggestion that pertinent policy statements be referred to by the district court as part of its explanation.
 
 
 23
 We cannot conduct meaningful review of whether the district court's degree of downward departure from the sentence recommended by the sentencing guidelines was reasonable or unreasonable without a sufficient rationale from the district court. See United States v. Suarez, 939 F.2d 929, 933 (11th Cir.1991) ("The district court's reasons must be sufficiently specific so that an appellate court can engage in the meaningful review envisioned by the Sentencing Guidelines.") (citing United States v. Wells, 878 F.2d 1232, 1233 (9th Cir.1989)).
 
 
 24
 Accordingly, we must again remand this case to the district court with instructions that the court articulate the reasons for the degree of downward departure it made in this case. In accordance with 18 U.S.C. 3742(b), (e), and (f), the sentence is vacated and the case is REMANDED for further sentencing proceedings consistent herewith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The guideline provisions applicable to this case, and referred to herein, are from the United States Sentencing Commission, Guidelines Manual (effective Nov. 1, 1990). See United States v. Mondaine, 956 F.2d 939, 941 (10th Cir.1992) (barring any ex post facto problem, sentencing is under the version of the guidelines in effect on the date of sentencing). Ms. Harrison was sentenced Nov. 21, 1990. R. Vol. I tab 46
 
 
 [3]
 At the time the plea agreement was being negotiated, Ms. Harrison's criminal record had not been documented by either attorney. Both were operating on the assumption that her BOL would be 18, R. Vol. II at 5, 8, and that her criminal record was de minimus. R. Vol. III at 4-6; see also R. Vol. II at 8-9
 
 
 [4]
 In Maldonado-Campos, we outlined the following three-step analysis upon government appeal of a criminal history based downward departure from the sentencing guidelines:
 We first determine de novo whether the circumstances admit of a factor not adequately taken into account by the Sentencing Commission which would justify departure. Next we review the district court's factual determinations supporting departure under the clearly erroneous standard. Finally, under 18 U.S.C. 3742(e)(3) we determine whether the degree of departure was reasonable.
 Maldonado-Campos, 920 F.2d at 719-20 (citing United States v. White, 893 F.2d 276, 277-78 (10th Cir.1990)); see also United States v. Bowser, 941 F.2d 1019, 1023-24 (10th Cir.1991). This three-part test comports with the two-step analysis recently outlined by the Supreme Court in Williams v. United States, 112 S.Ct. 1112, 1120 (1992). See United States v. Flinn, No. 92-2045, 1993 U.S.App. LEXIS 3605 at * 6 (10th Cir. Mar. 4, 1993); United States v. Julian, 966 F.2d 564, 568 (10th Cir.1992).
 
 
 [5]
 Under the law of the case, see United States v. Monsisvais, 946 F.2d 114, 115-16 (10th Cir.1991), this court's determinations that a downward departure was appropriate and that a downward departure was supported by the facts of the case are final. In the instant appeal, therefore, we examine only one issue: whether the degree of departure was reasonable
 
 
 [6]
 18 U.S.C. 3742(e) provides, in pertinent part:
 Upon review of the record, the court of appeals shall determine whether the sentence--...
 (3) is outside the applicable guideline range, and is unreasonable, having regard for--
 (A) the factors to be considered in imposing a sentence, as set forth in chapter 227 of this title; and
 (B) the reasons for the imposition of a particular sentence, as stated by the district court pursuant to the provisions of section 3553(c);....
 In turn, 18 U.S.C. 3553(c) provides that the court must state the reasons for its imposition of defendant's sentence, at the particular point chosen from the applicable guideline range.
 
 
 [7]
 At the time of the original sentencing the district court commented:
 Rather than to reassess the presentence calculation or to give credit to some suggested plea bargain or to give points for things that are urged [defense counsel had argued that Ms. Harrison receive a deduction of points from her BOL because she was a minor participant in the bank robbery], I believe I will accept the presentence report, which assesses a sentence in the aggregate of 70 to 87 months, but, having said that, to depart from the sentencing guidelines because the assessment of the points are, for the most part, calculated on the extensive findings of Grade 6 criminal history.
 R. Vol. II tab 47 at 12 (emphasis added).