F I L E D
United States Court of Appeals
Tenth Circuit

MAY 9 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RAHEEM BUKOLA BALOGUN,

    Defendant-Appellant.

No. 96-2186

(D.C. No. CR-95-352-04-JP)

(D. New Mexico)

---

ORDER AND JUDGMENT[*]

---

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.[**]

---

Defendant Raheem Bukola Balogun pleaded guilty to various federal charges relating to the interstate transportation of more than one kilogram of heroin. The district court sentenced Balogun to 135 months imprisonment to be followed by five years of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. 34.1.9. The case is therefore submitted without oral argument.

supervised release. Challenging his sentence, Balogun argues that the district court erred by not affording him a reduction in his base offense level under U.S.S.G. § 3B1.2(a), for being a minimal or minor participant in the criminal activity. We exercise jurisdiction under 18 U.S.C. § 3742(a), and affirm.

We review a district court's refusal to find a defendant a minimal or minor participant for clear error. United States v. Ballard, 16 F.3d 1110, 1114 (10th Cir. 1994). As an adjustment for a minimal or minor role does not concern a departure under the guidelines, the district court is not required to announce the reasons supporting a factual finding under U.S.S.G. § 3B1.2(a). See United States v. Maldonado-Campos, 920 F.2d 714, 717-18 (10th Cir. 1990).

Relying on United States v. Mondaine, 956 F.2d 939, 942-43 (10th Cir. 1992) and United States v. Pettit, 903 F.2d 1336, 1341 (10th Cir. 1990), Balogun contends that a district court can look only at the defendant's role in the offense for which he was convicted in connection with the requested minimal- or minor-role adjustment. He argues that the district court improperly "used conduct on a previous [heroin transportation] trip for the basis of its ruling."

Balogun correctly argues the rule of law set forth in Pettit and applied in Mondaine, that a court is limited to considering a defendant's role in the offense of conviction in determining whether to allow for a minimal- or minor-role adjustment. However, as explained in Mondaine, the application commentary for U.S.S.G. § 3B1.2

was amended to state that the determination of a defendant's role in the offense is to be made on the basis of all relevant conduct, and not solely on the basis of the offense of conviction. See Mondaine, 956 F.2d at 943 n. 2. As the criminal activity in this case occurred after the effective date of the amendment, November 1, 1990, the amended commentary applies. See Stinson v. United States, 113 S. Ct. 1913, 1919 (1993) (stating that amended commentary is binding on federal courts).

We have reviewed the parties' briefs and the record in this case, particularly the evidence presented at the sentencing hearing. We conclude that the district court did not clearly err in finding that Balogun played more than a minimal or minor role in the offense, considering all relevant conduct. Thus, the district court did not err in denying Balogun a minimal- or minor-role adjustment.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge