**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 6 1997**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

OSCAR JIMINEZ-TORRES, also known
as Miguel Martinez-Salcido, also known
as David Gallegos-Salcido, also known as
Jorge Jiminez-Soza,

    Defendant - Appellant.

No. 97-4040

D. Utah

(D.C. No. 96-CR-242-001-B)

---

### ORDER AND JUDGMENT[*]

---

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On January 16, 1997, Oscar Jiminez-Torres pleaded guilty to a violation of 8 U.S.C. § 1326, Illegal Re-Entry of Deported Alien. The Pre-Sentence Investigation Report (PSR) assessed ten criminal history points, resulting in a criminal history category of V and a sentencing range of 70-87 months imprisonment. The district court sentenced Jiminez-Torres to 70 months imprisonment, a $3,000 fine, and three years supervised release with the expectation that he would be deported after his imprisonment. Jiminez-Torres appeals the sentence, arguing that two of the criminal history points were incorrectly assessed because they were based on a prior misdemeanor conviction at which he had not validly waived his right to counsel.

The two disputed points were based on a prior state conviction of disturbing the peace and driving without insurance. PSR ¶ 25. Jiminez-Torres objected to the PSR's description of the conviction, which stated that he had waived his right to counsel. See Addendum to PSR at 1. In response, the probation officer submitted two additional documents, "Addendum to the Presentence Report" and "Response to the Supplemental Position of the Defendant with Respect to Sentencing Factors," which offered further evidence that Jiminez-Torres had waived his right to counsel at the state proceeding.

At the sentencing hearing in this case, the government argued that Jiminez-Torres had waived his right to counsel at the state proceeding because he

watched a video in Spanish explaining his right to counsel, met with a public defender prior to the proceeding, and told the public defender that he did not want an attorney. R. Vol. II at 5, 20. Counsel for Jiminez-Torres essentially admitted that defendant had seen the video and that he had refused the public defender's offer of representation. Id. at 8, 11. But counsel argued that Jiminez-Torres had only refused representation by that specific public defender and that because the state judge did not inquire as to Jiminez-Torres' decision to waive his right to counsel, he had not waived that right. R. Vol. II at 5-16.

The district court found that Jiminez-Torres had validly waived his right to representation at the prior conviction hearing and that the two-point assessment was, therefore, appropriate. Id. at 22-23. The judge then sentenced him under criminal history category V, which included the prior state misdemeanor conviction. Id.

The district court also sentenced Jiminez-Torres in the alternative, stating:

> Let me also say, so it is clear, in the Court's view the conduct of conviction here to which the plea of guilty was earlier taken, taken in conjunction with this defendant's criminal history, requires a sentence in this judge's opinion of about 70 months. That is the lowest end of the guideline range under category five. Even if I were to find that the offense described in paragraph 25 of the presentence report and the one that we have been talking about here today should not have been included, which would reduce the criminal history category to a four rather than a five, even if I found that I would still impose a 70-month sentence, it being my judgment that that is the punishment that fits this crime given Mr. Jiminez-Torres' background.

And, frankly, this incident that we have been talking about is not the criminality in his past that drives my decision. So if the range were 57 to 71 months, as it would be if I didn't include that incident, I would still impose a sentence of 70 months.

It is an interesting academic question you have given us, Mr. Breeze, and there may be something out there. One reason for my desire to proceed today is that I know it won't make any difference to the sentence and I would just as soon get Mr. Jiminez-Torres on his way. We would just be spending our time for no practical reason other than to try to sort this out.

R. Vol. II at 24-25.

We have stated repeatedly that even if the district court erred in considering an invalid factor in sentencing, we will not remand if we are convinced the district court would impose the same, reasonable sentence absent the invalid factor. See United States v. Medina-Estrada, 81 F.3d 981, 987 (10th Cir. 1996); United States v. O'Dell, 965 F.2d 937, 939 (10th Cir. 1992); United States v. Mondaine, 956 F.2d 939, 943 (10th Cir. 1992); United States v. Urbanek, 930 F.2d 1512, 1515-16 (10th Cir. 1991); see also Koon v. United States, 116 S. Ct. 2035, 2053-54 (1996); Williams v. United States, 503 U.S. 193, 202-03 (1992). The district court explicitly stated that it would impose the identical sentence even if it applied criminal history category IV, as Jiminez-Torres had requested. The sentencing range for offense level 21 and category IV is 57-71 months, with a fine range and a supervised release range identical to the ranges imposed for offense level 21 and criminal history category V. We do not find, nor does

Jiminez-Torres argue, that an incorrect imposition of criminal history category V will harm him in any way other than that at resentencing the court *could* impose a lower sentence. We conclude it is unnecessary to pursue the waiver issue since we are satisfied that the district court would impose the same sentence and that a remand would only waste judicial resources.

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge