**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 23 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILLIAM L. GARRETT,

Defendant-Appellant.

No. 97-6407
(D.C. No. CR-97-13-A)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**  *

---

Before **KELLY** , **BARRETT** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant William L. Garrett appeals from the sentence imposed under U.S.S.G. § 2F1.1 after he entered a plea of nolo contendere to ten counts of mail fraud in violation of 18 U.S.C. §§ 1341 and 2. We dismiss the appeal as moot.

Defendant argues on appeal that a $120,000 loan should not have been included as relevant conduct under U.S.S.G. § 1B1.3(a)(2) or in the total amount of loss under § 2F1.1(b). Because the district court included the $120,000 in the amount of loss, defendant's offense level was calculated to be thirteen, which called for a guideline range of 12-18 months' imprisonment. Without the loan amount, his offense level would have been ten, which would have resulted in a guideline range of 6-12 months' imprisonment. The district court sentenced defendant to twelve months' imprisonment to be followed by three years' supervised release, and restitution in the amount of $24,500. [1] See R. Vol. 4, at 80-81. It stated:

> The reason I imposed confinement for a period of twelve months is [because] that is the overlapping quantum as between levels 13 and level ten. And Mr. Garrett has every right to pursue, of course, if he . . . decide[s] to appeal, the question of the amount of loss. And the only significant aspect of that now is the $120,000 component of that. And should he prevail on that issue, which certainly can happen, then he would be at a Guideline level in which twelve months was the maximum permitted.

---

[1] The amount of restitution ordered is not disputed on appeal, and does not include any portion of the $120,000 that is disputed on appeal.

Id. at 82-83. We believe this is a clear indication that defendant's sentence would be the same even if the loan amount were subtracted from relevant conduct, and the appeal is therefore moot. Cf. United States v. Mondaine, 956 F.2d 939, 943 (10th Cir. 1992) (holding that appeal was not moot where district court did not clearly state that sentence would be the same under either of two arguably applicable guideline ranges); United States v. Urbanek, 930 F.2d 1512, 1515-16 (10th Cir. 1991) (same).

DISMISSED as MOOT.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge