**UNITED STATES of America,
Plaintiff,**

**v.**

**Luis LOPEZ–PEREZ, Defendant.**

**No. 2:98–CR–32 W.**

United States District Court,
D. Utah,
Central Division.

Jan. 4, 2002.

Giles W. Dalby Correctional Facility, Post, TX, Defendant/Movant Pro Se.

Henri R. Sisneros, Assistant United States Attorney, Salt Lake City, UT, for United States.

ORDER AFFIRMING REPORT AND RECOMMENDATION OF MAGIS-TRATE JUDGE, AND DENYING DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE

WINDER, Senior District Judge.

The Defendant, acting pro se, filed, on or about November 8, 2001, his Motion for Modification of Sentence and a Memorandum of Law in support thereof. The matter was referred to the Honorable Ronald N. Boyce, United States Magistrate Judge, by Order of Reference dated November 8, 2001. On December 17, 2001, Judge Boyce issued his Report and Recommendation, and recommended that the defendant's motion be denied. The parties were advised of their right to object to the Report and Recommendation within ten (10) days after receiving it. No objection or other response has been received as of the date of this order.

This court has thoroughly reviewed and considered the Report and Recommendation of Judge Boyce, as well as the defendant's motion and memorandum. In fact, this court has made a *de novo* review of the entire file in this matter.

In the opinion of this court, the magistrate judge's Report and Recommendation properly analyzes the law and the facts relating to this matter. Specifically, and based on its review, the court finds proper the magistrate judge's finding that the defendant is not entitled to a sentence modification under USSG 181.10, nor is he eligible for the benefit of the changed guideline (see Amendment No. 632, *United States v. Sentencing Commission Guidelines Man-*

*ual, Supplement to Appendix C.*) In addition, since the Guideline amendment is substantive and not merely clarifying, this court may not entertain a motion for downward adjustment or modification.

Accordingly, based on the foregoing and good cause appearing

IT IS HEREBY ORDERED that the Report and Recommendation of Magistrate Judge Boyce entered on December 17, 2001, is affirmed in its entirety, and the defendant's Motion is DENIED.

REPORT AND RECOMMENDATION

BOYCE, United States Magistrate Judge.

Luis Lopez–Perez has made a motion, pursuant to 18 USC § 3582(c)(2), for modification of his sentence. That section allows the modification of a sentence of imprisonment where the Sentencing Commission has lowered the sentencing guidelines under 28 USC § 994(0). The United States Sentencing Commission has implemented this authority in USSG § 1B1.10. If Lopez–Perez fits the standards he would be entitled to be resentenced under the lowered guideline. Defendant Lopez–Perez was convicted of illegal reentry of a previously deported alien (8 USC § 1326(a)) and was sentenced under the then applicable guideline.

The movant, Mr. Lopez–Perez, had been convicted of a crime, on October 24, 1994 that was an aggravated felony for sentencing under 8 USC § 1326(b). He was convicted of the offense of Offering and Agreeing to Distribute a Controlled Substance. He claims he served less than 12 months and is therefore entitled to reconsideration of and modification of his sentence because of the amendment to the

sentencing guideline for a aggravated felony conviction under 8 USC § 1326(b), which guideline amendment was effective November 1, 2001. The prior Sentencing Guideline for conviction under 8 USC § 1326(a) was stricken by the Sentencing Commission, see Amendment No. 632, *United States v. Sentencing Commission Guidelines Manual, Supplement to Appendix C.* The new amendment rewrote the guideline.

▮▮▮ The new Guideline in § 2L1.2 USSG, became effective November 1, 2001. The new guideline is completely rewritten and is substantive and not a clarification. See *United States v. Kissick,* 69 F.3d 1048, 1053 (10th Cir.1995). (If an amendment is substantive, it may be applied retroactively if listed in 1B1.10(c)). If the amendment is only clarifying, it need not be listed and the Court may still give retroactive effect in it's discretion. *Id.* at 1052. Here the amendment completely rewrites and changes the text of the guideline. *Id.* It alters the preamendment interpretation of the guideline and overrules existing precedent. It is therefore a substantive, not a clarifying amendment. *Id.* at 1053; *United States v. Saucedo,* 950 F.2d 1508, 1514 (10th Cir.1991); *United States v. Mondaine,* 956 F.2d 939, 942 (10th Cir.1992) (substantive change). See also *United States v. Nielson,* 814 F.Supp. 77 (D.Utah 1993).

The issue is whether the new guideline under 2L1.2 may be applied to defendant Lopez–Perez to allow a reduction of his sentence. That depends on whether Lopez–Perez and the new guideline 2L1.2 USSG is within the direction of USSG 1B1.10 for retroactive reduction. The new guideline applicable under 8 USC § 1326(b) provides that instead of the 16 level increase for a conviction for an aggravated felony (see 8 USC § 1101(a)(43) for definition of an aggravated felony which includes movant's prior conviction) that if the conviction was for a felony drug trafficking offense for which the sentence imposed was "13 months or less" the increase is only 12 levels. The movant has not provided this Court with information on the sentence imposed on his aggravated felony conviction mentioned in his motion, the only sentence served. The presentence report however shows that Lopez–Perez, was convicted of one aggravated felony on November 22, 1993 for attempted offer and agreement to distribute a controlled substance and given a sentence of 0–5 years suspended and eighteen months probation. This resulted in a six month jail time sentence as a condition of probation. This would not meet the sentence imposed for a level 16 under the new guideline. Movant was convicted March 14, 1994 of another aggravated felony, possession of a controlled substance, and placed on probation for 36 months with six months imposed. However, his probation was revoked and he was committed to the Utah State Prison for 0–5 years. He was also convicted and sentenced to prison for 0–5 years on another conviction for an offer and agreement to distribute a controlled substance on December 19, 1994 which would be another aggravated felony conviction. This sentence was over 13 months. Therefore, the movant's criminal history shows he would not be entitled to the 12 point enhancement under the new guideline § 2 L1.2(b)(1)(B). His convictions and sentence to the Utah State Prison for 0 to 5 years would require the 16 point enhancement. Therefore, he is not entitled to a sentence modification under USSG 1B1.10.

▮▮▮ In addition, there is another clear reason for rejection of the motion. For Lopez–Perez to be eligible for a modification of sentence under USSG 1B1.10 the reduction amendment must be listed in

subsection (c) of USSG § 1B1.10. That section does not list amendment 632 or anything associated with the new guideline § 2L1.2. If there is no listing in subsection (c), the amendment is not to be applied retroactively *United States v. Avila,* 997 F.2d 767, 768 (10th Cir.1993); *United States v. Torres,* 99 F.3d 360, 362–63 (10th Cir.1996); *United States v. Jordan,* 162 F.3d 1 (1st Cir.1998). The defendant is not eligible for the benefit of the changed guideline. Finally, since the amendment is substantive and not merely clarifying, the Court may not entertain a motion for downward adjustment or modification.

## RECOMMENDATION

Therefore, the motion of Luis Lopez–Perez should be denied. The motion was referred under 28 USC § 636(b)(1)(B). It is the recommendation pursuant to the reference that the motion be **DENIED.**

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to object to the same. The parties are further notified that they must file objections to the Report and Recommendation, with the clerk of the court, pursuant to 28 USC § 636(b), within ten (10) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

Dec. 17, 2001.