**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bonnie HOOKS, Defendant–Appellee.**

No. 95–6137.

United States Court of Appeals,
Tenth Circuit.

Sept. 12, 1995.

Submitted on the briefs: *

Kim Taylor, Assistant United States Attorney (Patrick M. Ryan, United States Attorney, with her on the brief), Oklahoma City, OK, for plaintiff-appellee.

William P. Earley, Assistant Federal Public Defender, Oklahoma City, OK, for defendant-appellant.

Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.

BALDOCK, Circuit Judge.

Defendant Bonnie Hooks appeals asserting the district court erred in calculating her sentence under the sentencing guidelines. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

In January 1992, a confidential informant told investigators with the Oklahoma County Multi–Jurisdictional Task Force that Sylvester Hutchinson, a known crack cocaine dealer, wanted to purchase a large quantity of cocaine. Task Force agents posed as drug dealers and arranged to meet with Hutchinson and Cheryl Williams in an Oklahoma City restaurant. During the meeting, Hutchinson told the agents that he dealt only in crack cocaine that he obtained from a source in Houston, Texas. Hutchinson explained that he had been traveling to Houston every five days to purchase crack for distribution in the Oklahoma City area, but needed a new source because his Houston source had been arrested. Hutchinson indicated he wanted to purchase up to two kilograms of cocaine.

The agents arranged to meet Hutchinson later that evening at an Oklahoma City motel. The agents advised Hutchinson that they had powder cocaine for sale and would sell him one pound for $8,000, provided he made an initial $4,000 payment that night. Hutchinson agreed and said he would bring someone to cook the powder cocaine into crack.

Later that evening, the agents met with Hutchinson, Williams, and Defendant at the designated motel in a room monitored by video surveillance. A co-conspirator, Terry Hooks,[1] waited outside in a car. Hutchinson handed the agents $4,000. The agents placed a package containing 446.2 grams of powder cocaine on a countertop. Defendant and Williams prepared a five-gram sample of the powder that Defendant proceeded to cook into crack. The agents asked Defendant about her experience and Defendant indicated she had cooked powder cocaine into crack before. When she was finished, Defendant and Williams smoked a portion of the cooked sample to test its quality. Hutchinson advised agents he wanted to purchase additional cocaine from them in the future. The agents gave the arrest signal to surveillance officers and the officers arrested all of the suspects, including Terry Hooks.

Following his arrest, Terry Hooks agreed to cooperate with government agents regarding the drug distribution activities. Hooks told agents he met Hutchinson and Williams in the summer of 1991 and drove Hutchinson to Houston every week to purchase eight ounce quantities of crack cocaine until the source in Houston was arrested. Hooks told agents he witnessed Defendant cook an ounce of powder cocaine into crack on two occasions at Hutchinson's residence.

In March 1992, Defendant was charged by superseding indictment with one count of conspiring to possess with intent to distribute cocaine and/or cocaine base, 21 U.S.C. § 841(a)(1), one count of possession with intent to distribute 446.8 grams of cocaine, 21 U.S.C. § 841(a)(1), and one count of manufacturing approximately two grams of cocaine base, 21 U.S.C. § 841(a)(1). In May 1992, Defendant pleaded guilty to one count of manufacturing cocaine base, 21 U.S.C. § 841(a)(1).

The United States Probation Office prepared a presentence report ("PSR"). To

* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument.

1. Defendant and Terry Hooks are not related. Defendant Bonnie Hooks will hereinafter be referred to as "Defendant" and Terry Hooks will be referred to as "Terry Hooks" or simply "Hooks."

compute Defendant's base offense level, the PSR referenced the Drug Equivalency Tables following U.S.S.G. § 2D1.1 and converted the cocaine attributable to Defendant into marijuana equivalencies. *See* U.S.S.G. § 2D1.1 application note 10. Applying the pertinent equivalencies,[2] the PSR converted the 446 grams of cocaine purchased by Hutchinson into 89.24 kilograms of marijuana (446.2 grams of cocaine × 200 grams of marijuana = 89,240 grams marijuana or 89.24 kilograms of marijuana). The PSR converted the five grams of cocaine base[3] Defendant cooked at the hotel into 100 kilograms of marijuana (5 grams cocaine base × 20 kilograms marijuana = 100 kilograms of marijuana). Finally, the PSR converted the two ounces of cocaine base Defendant cooked at Hutchinson's residence into 1,134 kilograms of marijuana (56.7 grams cocaine base × 20 kilograms marijuana = 1,134 kilograms of marijuana). Adding these amounts together, the PSR determined Defendant was responsible for 1,323 kilograms of marijuana for sentencing purposes under § 2D1.1. As a result, the PSR concluded Defendant's base offense level was thirty-two. *See* U.S.S.G. § 2D1.1(c)(6) (1991 version) (providing a base offense level of thirty-two for offenses involving between 1000 and 3000 kilograms of marijuana).

Additionally, the PSR determined Defendant should be assigned a criminal history category of III, based upon four criminal history points. *See* U.S.S.G. Ch. 5 Pt. A (defendant assigned criminal history category III if he has four, five, or six criminal history points). Included within the four points was a one-point addition for Defendant's January 1990 plea of guilty in Oklahoma City Municipal Court to larceny of merchandise, whereby she was convicted for shoplifting two packs of cigarettes from a grocery store. Defendant was not imprisoned or placed on probation for this offense, but was fined $175. Finally, the PSR determined Defendant was not entitled to a three-level reduction in her base offense level for

acceptance of responsibility because she had been untruthful about her involvement with Hutchinson during interviews with government officials. Based upon an offense level of 32 and a Criminal History Category of III, the PSR concluded the guideline imprisonment range was 151 to 188 months. *See id.*

Defendant filed objections to the PSR. Defendant disputed the factual basis for the PSR's determination that the two ounces of cocaine base she allegedly cooked at Hutchinson's residence should be used in the calculation of her base offense level. Defendant also objected to the PSR's: (1) addition of one criminal history point for her 1990 larceny of merchandise conviction; and (2) failure to grant her a reduction for acceptance of responsibility. The district court convened an evidentiary hearing in July 1992.

At the hearing, the probation officer who prepared the PSR testified regarding the factual basis underlying the use of the two ounces in calculating Defendant's base offense level. The probation officer specified that the information regarding the two ounces of cocaine base was gleaned from an investigative report filed by Officer Danner, one of the undercover agents that investigated the case. Officer Danner testified that he interviewed Terry Hooks about his knowledge of Defendant's involvement in Hutchinson's drug activities. Officer Danner testified that Hooks told him he observed Defendant cook crack cocaine at Hutchinson's residence. Officer Danner testified he verified several aspects of Terry Hooks story and concluded he was reliable and truthful. Vol. III at 14.

On cross-examination, Defendant's trial counsel asked Officer Danner if he had any information, other than Terry Hooks' testimony, to verify that Defendant cooked two ounces of crack cocaine at Hutchinson's residence. Officer Danner replied that he could not specifically verify that information but did verify other aspects of Hooks' statement, including that Hutchinson's Houston source

---

2. The Drug Equivalency Tables provide: (1) 1 gram of cocaine = 200 grams of marijuana, and (2) 1 gram of cocaine base (crack) = 20 kilograms of marijuana. U.S.S.G. § 2D1.1 application note 10.

3. "Cocaine base" is crack cocaine.

was arrested. Officer Danner further stated that he had "innumerable reasons" to believe what Hooks said, and that Hooks had been "truthful about everything he's told me." *Id.* at 17–18.

Finally, Terry Hooks testified that he had been completely truthful in providing information to the government and at no time had given false information. Hooks testified that he told Officer Danner he observed Defendant cook an ounce of crack cocaine on two occasions at Hutchinson's residence, or a total of two ounces of crack. Hooks testified he knew the quantity totaled two ounces because "[t]he guy in Houston" weighed the crack. On cross-examination, defense counsel demonstrated that Hooks could not precisely pin down the dates he observed Defendant cook the crack and that he received a favorable plea agreement from the government in exchange for his testimony.

Based upon the testimony, the court overruled Defendant's objection to the factual basis underlying the use of the two ounces of cocaine base in computing her base offense level. Specifically, the court ruled:

> I have evaluated Mr. Terry Hooks credibility on the basis of the information that he gave Officer Danner in the course of the investigation, much of which was verified as true. There is no basis for not believing Hooks and his testimony regarding the cooking of the cocaine. It was as credible as any other testimony that he gave, much of which was corroborated and verified. He has no—he had nothing to gain in revealing that with regard to Bonnie Hooks participation. He's under a very serious obligation to be entirely truthful....
>
> But the most important thing, I think, is that he—he has a history of being credible as a witness, because his testimony has been verified and corroborated, and there's no reason to doubt his testimony as to this. He has nothing to gain in making such a thing up. He convinced me that he simply described what he saw.

*Id.* at 42–43.

In addition, the court overruled Defendant's objection to the use of the larceny of merchandise conviction in calculating her criminal history score. The court concluded that the guidelines specify municipal convictions can be counted and Defendant identified no contrary authority. Finally, the court overruled Defendant's objection to the PSR's denial of reduction for acceptance of responsibility. As a result, the court adopted the calculations of the PSR and sentenced Defendant at the low end of the guideline range to 151 months imprisonment.

Defendant's trial counsel failed to perfect an appeal. In November 1994, Defendant filed a pro se motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255, alleging counsel was ineffective for failing to perfect a direct appeal. The court granted Defendant's motion to allow her to be resentenced and to perfect an appeal.

The court held the resentencing hearing in March 1995. Defendant, represented by new counsel, asserted the same objections to the PSR. The court again overruled Defendant's objections to her base offense level and criminal history calculations. The court amplified upon its reasoning for rejecting Defendant's challenge to the use of her larceny conviction in calculating her criminal history:

> I find that a reading of the Application note, Note 12 under [U.S.S.G.] section 4A1.2, that it is simply inescapable, that that conviction must be included because petty larceny, that is larceny of 50 dollars are [sic] under—or under 50 dollars is indeed an offense in the State of Oklahoma under Title 21 of the Oklahoma statutes of section 1704, and that it being so must be included [under] ... the application note....

Vol. IV at 5–6. Based upon an agreement reached by the parties, the court granted Defendant a three-level reduction in her base offense level for acceptance of responsibility, reducing the guideline imprisonment range to 108–135 months. The court sentenced Defendant to 108 months imprisonment. This appeal followed.

## I.

On appeal, Defendant first contends the district court erred in using the two additional ounces of cocaine base to compute her

base offense level. Specifically, Defendant contends the court clearly erred in finding reliable Terry Hooks' testimony that Defendant cooked two ounces of powder cocaine into cocaine base. Defendant contends Terry Hooks' testimony lacked "sufficient indicia of reliability" because Hooks was not specific as to the dates he observed Defendant cook the crack cocaine and was motivated by a favorable plea agreement to give such testimony.

■ We review the district court's factual findings regarding the quantity of drugs for which a defendant is held responsible for clear error. *United States v. Richards,* 27 F.3d 465, 468 (10th Cir.1994). "We will not disturb a district court's factual finding 'unless it has no support in the record or, after reviewing all the evidence, we are firmly convinced that an error has been made.'" *United States v. Reyes,* 979 F.2d 1406, 1410 (10th Cir.1992) (quoting *United States v. Bernaugh,* 969 F.2d 858, 864 (10th Cir.1992)). "[C]redibility determinations are for the district court," *Richards,* 27 F.3d at 469, and we will therefore "not reexamine the credibility of a witness' testimony" on appeal. *United States v. McIntyre,* 997 F.2d 687, 709 (10th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 736, 126 L.Ed.2d 699 (1994).

■ For purposes of the base offense level calculation under § 2D1.1, a defendant is responsible for "all quantities of contraband with which he was directly involved and . . . all reasonably foreseeable quantities . . . that were within the scope of the criminal activity that he jointly undertook." U.S.S.G. § 1B1.3 application note 2; *see also United States v. Ortiz,* 993 F.2d 204, 207 (10th Cir.1993). "The government has the burden of proving the quantity of drugs for sentencing purposes by a preponderance of the evidence." *Id.* The district court may estimate the quantity of drugs involved provided the information underlying the estimate possesses "'sufficient indicia of reliability to support its probable accuracy.'" *Id.* (quoting U.S.S.G. § 6A1.3(a)).

■ Applying these principles, we conclude the district court did not err in using the two ounce estimate of cocaine base

cooked by Defendant to compute her base offense level. Specifically, we conclude the court did not clearly err in finding the factual basis underlying the estimate, that is, Terry Hooks' testimony, had "sufficient indicia of reliability." *Id.* at 207; U.S.S.G. § 6A1.3(a). Defendant contends Terry Hooks testimony lacked "sufficient indicia of reliability" because Hooks was not specific as to the dates he observed her cook the crack and was motivated by a favorable plea agreement to give his testimony. In essence, Defendant requests we reverse the district court because Terry Hooks was not a believable witness. This we will not do.

The court observed Hooks' testimony and demeanor during direct and cross-examination. After observing Hooks' testimony, the court specifically determined that he was a credible witness. Consequently, the court accepted his testimony that Defendant cooked two ounces of powder cocaine into crack at Hutchinson's residence. Based upon our careful review of the record, we are not "firmly convinced that an error has been made," *Reyes,* 979 at 1410, and we will not reexamine the district court's credibility determination at this stage of the proceedings. *See Richards,* 27 F.3d at 469; *McIntyre,* 997 F.2d at 709. We conclude the court did not err in including the two ounces of cocaine base cooked by Defendant at Hutchinson's residence in the calculation of her base offense level.

## II.

■ Defendant next contends the court erred in assigning her one criminal history point for a prior municipal conviction involving larceny of merchandise. Specifically, Defendant contends that her larceny of merchandise conviction does not qualify to be included under U.S.S.G. § 4A1.2(c)(1) in her criminal history score because she was neither sentenced to at least one year of probation nor to imprisonment for at least thirty days. We review the district court's interpretation and application of the guidelines de novo. *United States v. McAlpine,* 32 F.3d 484, 487-88 (10th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 610, 130 L.Ed.2d 520 (1994).

■ To calculate a defendant's criminal history category, a district court assigns a defendant criminal history points for each of his prior sentences of imprisonment and adds the points together. U.S.S.G. § 4A1.1. The total of the criminal history points determines the defendant's criminal history category. *See* U.S.S.G. § 4A1.1 commentary; U.S.S.G. Ch. 5 Pt. A, Sentencing Table. Section 4A1.2(c)(1) explains which prior sentences of imprisonment are counted by the court. Section 4A1.2(c)(1) specifies that misdemeanor and petty offenses are counted in computing a criminal history score, except as follows:

(1) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment for at least thirty days, or (B) the prior offense was similar to an instant offense:

Careless or reckless driving

Contempt of court

Disorderly conduct or disturbing the peace

Driving without a license or with a revoked or suspended license

False information to a police officer

Fish and game violations

Gambling

Hindering or failing to obey a police officer

Insufficient funds check

Leaving the scene of an accident

*Local ordinance violations (excluding local ordinance violations that are also criminal offenses under state law)*

Non-support

Prostitution

Resisting arrest

Trespassing

U.S.S.G. § 4A1.2(c)(1) (emphasis added). Thus, the above-listed offenses and offenses similar to them are *not* counted in computing a defendant's criminal history score unless: (1) the defendant was sentenced to the requisite term of probation or imprisonment, or (2) the prior offense was similar to an instant offense. *Id.*

Local ordinance violations are one of the listed offenses in § 4A1.2(c)(1). Thus, local ordinance violations are not counted unless one of the two above-exceptions is present. There is an added wrinkle, however, with local ordinance violations. Section 4A1.2(c)(1) excludes "local ordinance violations that are also criminal offenses under state law" from "local ordinance violations." Thus, local ordinance violations that are also criminal offenses under state law *are counted* in computing a defendant's criminal history score. Application note 12 to U.S.S.G. § 4A1.2(c)(1) confirms this:

*Local Ordinance Violations.* A number of local jurisdictions have enacted ordinances covering certain offenses (*e.g.,* larceny and assault misdemeanors) that are also violations of state criminal law. This enables a local court (*e.g.,* a municipal court) to exercise jurisdiction over such offenses. *Such offenses are excluded from the definition of local ordinance violations in § 4A1.2(c)(1) and, therefore, sentences for such offenses are to be treated as if the defendant had been convicted under state law.*

U.S.S.G. § 4A1.2 application note 12 (emphasis added). In sum, therefore, local ordinance violations and offenses similar to them are counted in computing a defendant's criminal history score only if: (1) the local ordinance violation results in the requisite sentence of probation or imprisonment; (2) the prior local ordinance violation is similar to an instant offense; or (3) the local ordinance violation also constitutes a criminal offense under state law. *See* U.S.S.G. § 4A1.2(c)(1) & application note 12; *United States v. Mondaine,* 956 F.2d 939, 942 (10th Cir.1992).

■ Applying § 4A1.2 to the instant case, Defendant's larceny of merchandise conviction constitutes a local ordinance violation and therefore is counted only if one of the three above-stated exceptions is present. U.S.S.G. § 4A1.2(c)(1); *Mondaine,* 956 F.2d at 942. Defendant did not receive a sentence of at least one year of probation or thirty days of imprisonment and her prior local ordinance violation is not similar to an in-

stant offense. The district court determined, however, that Defendant's conviction for larceny of merchandise should be counted in computing her criminal history score because it also constitutes a criminal offense under Oklahoma state law. We agree. Defendant's larceny of merchandise conviction would also constitute petty larceny under Oklahoma state law. *See* Okla.Stat. tit. 21, § 1704. Thus, Defendant's larceny of merchandise conviction can properly be counted in calculating her criminal history score. *See* U.S.S.G. § 4A1.2(c)(1) & application note 12; *Mondaine*, 956 F.2d at 942. As a result, we conclude the district court did not err in assigning Defendant one criminal history point for her larceny of merchandise conviction.

AFFIRMED.