**F I L E D**

**UNITED STATES COURT OF APPEALS**

**JUN 9 1998**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

ARTURO BRAZIER, a/k/a Arturo
Gooding,

        Defendant - Appellant.

No. 97-3390

(D.C. No. 97-3186-SAC)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant, Mr. Arturo Brazier, was convicted of conspiracy to possess with intent to distribute in excess of five kilograms of cocaine hydrochloride and/or in excess of fifty grams of cocaine base (crack cocaine), possession with the intent to distribute one kilogram of cocaine hydrochloride, and use of a communications facility to facilitate possession with intent to distribute cocaine. Appellant was sentenced to 188 months incarceration, and his conviction and sentence were affirmed on appeal. See United States v. Brazier, 85 F.3d 641 (Table), 1996 WL 218605 (10th Cir. May 1, 1996).

After his conviction was affirmed, Appellant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, contending that he was denied the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. Appellant's petition alleges that both his trial counsel and appellate counsel were constitutionally ineffective because they did not raise the issue of whether the government proved that his crimes involved crack cocaine. Appellant contends that his counsels' failure to raise this issue prejudiced him by subjecting him to the harsher sentence imposed upon those convicted of crimes involving crack cocaine. The district court denied the section 2255 motion. See United States v. Brazier, Nos. 93-40003-08-SAC & 97-3186-SAC, 1997 WL 833293, at *7 (D. Kan. Dec. 11, 1997). The district court also denied Appellant a certificate of appealability. See United States v. Brazier, Nos. 93-40003-08-SAC

& 97-3186-SAC, 1998 WL 80367 (D. Kan. Jan. 5, 1998).  Appellant asks this court to grant him a certificate of appealability and to reverse the decision of the district court dismissing his section 2255 motion.

To obtain a certificate of appealability, an appellant must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Appellant argues that his Sixth Amendment right to effective assistance of counsel was violated because his counsel failed to challenge the sufficiency of the government's evidence that the cocaine involved in his crimes was crack cocaine.  He claims that this failure prejudiced him because the court erroneously accepted the presentence report's finding that the drug involved was crack cocaine and imposed on Appellant the requisite heightened sentence for crack cocaine.  Appellant asserts that the court's acceptance of the presentence report's finding was erroneous because the government failed to bring forward sufficient evidence to prove that the substance was in fact crack cocaine.  To establish a claim for ineffective assistance of counsel, one must "make credible allegations [that] his 'counsel's performance was deficient' and 'that the [deficient] performance prejudiced [him].'" Lasiter v. Thomas, 89 F.3d 699, 703 (10th Cir.), cert. denied, __ U.S. __ , 117 S. Ct. 493 (1996) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)).

Appellant attempts to prove his claims by stating that  "[n]o drugs [were]

-3-

ever produced to corroborate" the allegation that his crime involved crack cocaine. Appellant's Br. at 10. It is not necessary for the government to produce the drugs involved in the alleged crimes at trial or at sentencing in order to obtain a conviction or enhance a sentence. See United States v. Cantley, 130 F.3d 1371, 1379 (10th Cir. 1997), cert. denied, __ U.S. __ , 118 S. Ct. 1098 (1998); United States v. Silvers, 84 F.3d 1317, 1327 (10th Cir. 1996), cert. denied, __ U.S. __ , 117 S. Ct. 742 (1997). Contrary to Appellant's assertions, it is not necessary for a chemist or scientist to testify at trial in order to establish the type of drug involved. See United States v. Sanchez DeFundora, 893 F.2d 1173, 1175 (10th Cir.) (affirming the principle that lay testimony and circumstantial evidence may be sufficient for a jury to find "that a substance was identified beyond a reasonable doubt"), cert. denied, 495 U.S. 939 (1990). Additionally, Appellant offers no evidence to prove that the drug at issue was not crack cocaine but some other form of cocaine. See Cantley, 130 F.3d at 1379 ("Finally, though we recognize the burden is on the government to prove the substances were crack cocaine, [defendant] has presented no evidence whatsoever to show that the substances were not crack cocaine.").

When determining a defendant's sentence, the trial court may rely on any testimony which has a "sufficient indicia of reliability." United States v. Beaulieu, 893 F.2d 1177, 1179-80 (10th Cir.), cert. denied, 497 U.S. 1038 (1990).

At the sentencing hearing, the government introduced a statement by Appellant that he provided 500 grams of crack cocaine to a co-conspirator. See Brazier, 1996 WL 218605, at **5 & n.6. Although this statement was offered to impeach Appellant's credibility, it was sufficient for the trial court to have properly found that the drugs involved were crack cocaine. The trial court also reasonably relied on trial testimony identifying the drug at issue as crack cocaine, testimony which this court discussed in its review of Appellant's challenge, on direct criminal appeal, to the quantity of drugs at issue. See id. at *4; United States v. Hooks, 65 F.3d 850, 854 (10th Cir. 1995) ("In essence, Defendant requests we reverse the district court because [the witness] was not a believable witness. This we will not do."), cert. denied, 516 U.S. 1083 (1996).

We conclude that Appellant's allegations of ineffective assistance of counsel are insufficient to establish a claim under the standard established by Strickland. See Lasiter, 89 F.3d at 703-04. Appellant has not provided a legally meritorious argument that his counsels' performance prejudiced him. Therefore, because Appellant has not made a "substantial" showing that he was denied his right to effective assistance of counsel, we DENY him a certificate of appealability. We AFFIRM the decision of the district court dismissing

Appellant's petition pursuant to section 2255.

      AFFIRMED.

                                    Entered for the Court


                                    Monroe G. McKay
                                    Circuit Judge