**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**SEP 10 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ANDRE MCGEE,

      Defendant - Appellant.

No. 99-2054
(D.C. No. CR-98-387-LH)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Appellant Andre McGee pled guilty to two counts of both possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A) and aiding and abetting in violation of 18 U.S.C. § 2. The district court sentenced him to two concurrent terms of 121 months in prison, based in part on a criminal history category of II. U.S.S.G. § 5A. On direct appeal, McGee contends the district court erred in assigning two criminal history

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

points for prior sentences. We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and affirm.

The presentence report assigned McGee one criminal history point pursuant to U.S.S.G. § 4A1.1(c) and § 4A1.2(f)[1] for each of two prior misdemeanor offenses–petty larceny and battery–that had resulted in diversionary dispositions. McGee objected to the report, arguing that the petty larceny charge should have been dismissed once the appellant successfully completed petty larceny school. With respect to the battery offense, McGee argued that there was no record of a finding or admission of guilt or of a judgment entered following a plea of nolo contendere, as required by U.S.S.G. § 4A1.2(f). At the sentencing hearing, McGee's attorney made a proffer, which the court accepted, that his client would testify he had never signed a plea agreement, had never been asked by the presiding judge how he pled, and had never entered a plea. The only relevant documents before the district court pertaining to these two offenses, other than the presentence report, were computer printouts of court docket entries from the

---

[1] U.S.S.G. § 4A1.1(c) requires a sentencing judge to assign one criminal history point for each "prior sentence" of less than sixty days imprisonment. U.S.S.G. § 4A1.2(f) provides that:

> Diversion from the criminal process without a finding of guilt (e.g., deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted.

Bernalillo County Metropolitan Court. The district court rejected McGee's arguments and adopted the factual findings and Guidelines applications of the presentence report with respect to both offenses.

On appeal, McGee argues that the court improperly calculated his criminal history for three reasons: the docket printouts were unreliable and therefore should not have been considered at sentencing; even if reliable, the docket printouts failed to establish by a preponderance of the evidence that the battery misdemeanor was a prior sentence that could be included in his criminal history; and even if both offenses could be properly counted under U.S.S.G. § 4A1.1(c), it would be contrary to the underlying policy of the Guidelines to impose upon the appellant a heightened sentence based on two relatively minor offenses.[2]

The Sentencing Guidelines provide that "[i]n resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a). We apply a clear error standard to a district court's determination that a particular item of

_____

[2] McGee does not raise on appeal, as he did at the sentencing hearing, the issue of whether a plea of nolo contendere resulting in a deferred judgement under New Mexico law is a "prior sentence" within the meaning of U.S.S.G. § 4A1.2(f). This issue, therefore, is waived. See State Farm Fire & Casualty Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994). Because the issue is not raise on appeal, we do not review it.

evidence has sufficient indicia of reliability.  See United States v. Hooks, 65 F.3d 850, 854 (10th Cir. 1995).  McGee suggests that the docket printouts were unreliable in part because they were not certified.  Authentication, however, is not required at a sentencing hearing.  See U.S.S.G. § 6A1.3(a).  McGee further asserts that the printouts were unreliable because "a margin of error always exists when information is entered into a computerized record system," and the unavailability of additional records demonstrates poor record keeping.  Public records are generally presumed to be trustworthy.  See, e.g., Fed. R. Evid. 803(8) (public records exception to the hearsay rule).  The district court did not err in rejecting McGee's speculative assertions in favor of this presumption.

We turn to the question of whether the evidence before the district court was sufficient to establish that the battery conviction was a "prior sentence" within the meaning of U.S.S.G. § 4A1.1(c).[3]  On this point, the government has the burden of proving the existence of a prior sentence by a preponderance of the evidence.  See United States v. Simpson, 94 F.3d 1373, 1381 (10th Cir. 1996).  The district court determined that the government met its burden, a finding of fact which we review for clear error.  See id. at 1380.  In Simpson we held "that a certified docket sheet is adequate, absent some contradictory evidence by the

---

[3] Appellant concedes that, if the docket printout is found reliable, it is sufficient to prove the prior sentence for the petty larceny offense.

defendant, to establish the existence of a prior conviction" for purposes of sentencing. Id. at 1381. Appellant argues that in the present case the docket printout is not adequate because, unlike the docket sheet in Simpson, it was not certified, and there was contradictory evidence—McGee's testimony that he never pled nolo contendere. We do not consider these differences significant. The district court, being in a better position to weigh the credibility of witnesses, determined that the unreliability of McGee's testimony outweighed the claimed unreliability of the metropolitan court docket printout. We fail to perceive clear error and thus defer to the district court's conclusion that the docket printout was adequate to establish, by a preponderance of the evidence, the existence of a prior sentence.

Finally, McGee argues that his two misdemeanor convictions involved "situational misconduct" and, when used to assign criminal history points for sentencing purposes, over-represent his prior criminal conduct. See U.S.S.G. § 4A1.3. This argument amounts to a challenge of the sentencing court's refusal to depart downward under U.S.S.G. § 4A1.3. It is well established that we "cannot exercise jurisdiction to review a sentencing court's refusal to depart from the Guidelines, either upward or downward, unless the court refused to depart because it interpreted the Guidelines to deprive it of authority to do so." United States v. Fortier, 180 F.3d 1217, 1231 (10th Cir. 1999). The record indicates that

the district court made a discretionary decision not to depart from the Guidelines, and we therefore have no jurisdiction to review this issue.

The judgment of the district court is AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge