**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 1 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

FRANK MARROQUIN,

      Defendant - Appellant.

No. 98-8112
(D.C. No. 98-CR-003-02-D)
(D. Wyoming)

**ORDER AND JUDGMENT**[*]

Before **KELLY** and **MURPH**Y, Circuit Judges, and **COOK**,[**] District Judge.

Frank Marroquin was charged with various drug and firearms violations in three counts of an eleven count indictment filed in the United States District Court for the District of Wyoming. Marroquin pleaded guilty to count one, which charged him with conspiracy to possess with intent to distribute, and to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846. The district court sentenced Marroquin to 188 months' imprisonment. Marroquin appeals his sentence, listing two assignments of error:

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable H. Dale Cook, Senior District Judge, United States District Court for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

(1) the district court erred in not departing downward and (2) the district court improperly computed Marroquin's criminal history.[1] This court has jurisdiction under 18 U.S.C. § 3742(a) and Rule 4(b) of the Federal Rules of Appellate Procedure. We affirm.[2]

## I. The District Court Erred in Not Departing Downward

Marroquin pleaded guilty to conspiracy to possess with intent to distribute, and to distribute methamphetamine. Before sentencing, Marroquin filed a motion for a downward departure under U.S.S.G. § 5K2.0, arguing his childhood and drug history combined to remove his case from the heartland cases and thus warranted a downward departure. The district court denied the motion and sentenced Marroquin within the guideline range to 188 months' imprisonment.

This Court's authority to review a district court's decision not to depart downward is controlled by United States v. Castillo, 140 F.3d 874 (10th Cir. 1998). Castillo held a defendant has no right to appeal a district court's refusal to depart downward except

---

[1] In Marroquin's plea agreement, he agreed to waive the right to appeal. Neither party has addressed this waiver on appeal.

[2] January 19, 2000, one day before oral argument in this case, Marroquin filed a "Motion to Raise Additional Issues." Marroquin's argument, based on the supreme court's decision in Jones v. United States, 526 U.S. 277 (1999), is essentially that the threshold drug amounts provided under § 841(b) are elements of the offense, rather than sentencing factors, which must be alleged in the indictment and proved beyond a reasonable doubt. Because Marroquin pleaded guilty to only the amount of drugs listed in the indictment, he argues he cannot be sentenced for anything more than that amount. We have considered Jones with regard to § 841 and found it to have no effect. See United States v. Jones, 194 F.3d 1178, 1185 (10th Cir.1999) ("We find no holding in Jones that mandates we upset our § 841(b)(1) sentencing jurisprudence, which interprets that section as setting forth penalty provisions, rather than separate offenses."). Marroquin's motion is therefore denied.

2

"where the sentencing court concludes that an entire class of circumstances never constitutes the basis for a downward departure." Castillo, 140 F.3d at 888. In other words, we have jurisdiction to review a refusal to depart downward only if the sentencing court believed that it had no discretion to depart downward based on the class of factors proffered by the defendant. The Castillo exception does not apply when, as here, the sentencing court concludes that it would be inappropriate to depart under the particular set of circumstances proffered by the defendant. Id. at 887.

In this case, there is no indication the district court believed it lacked the authority to depart for the entire class of circumstances proffered by the defendant. Marroquin argued to the district court that his history of drug use and extraordinary problems during childhood warranted a downward departure. The district court acknowledged Marroquin's troubled past, but concluded Marroquin was a typical drug offender whose background was not substantially different from that of other drug offenders. The district court indicated it believed Marroquin was not a good candidate for departure, not that the court lacked the authority to depart for the entire class of circumstances proffered. We conclude the district court understood it had the discretion to depart downward, but found the facts of this case were not sufficient to justify a departure. Accordingly, because the sentence imposed is properly within the guideline range, *see* Castillo, 140 F.3d at 888, we do not have jurisdiction to review the district court's decision not to depart downward.

II. The District Court Improperly Computed Marroquin's Criminal History and Failed to Depart Downward under U.S.S.G. § 4A1.3.

This Court reviews *de novo* a district court's interpretation and application of the guidelines. United States v. Hooks, 65 F.3d 850, 854 (10th Cir. 1995).

At sentencing, the district court adopted the pre sentence report and assessed one criminal history point for each of the following convictions: (1) a September 7, 1993, conviction for a misdemeanor assault for which Marroquin received a deferred judgment, six months probation and was ordered to counseling; (2) a September 3, 1994, conviction for driving while under the influence, not having a valid registration and speeding for which Marroquin received a $792 fine; and, (3) an April 30, 1996, misdemeanor conviction for violating a family violence protection act order for which Marroquin received a 30 day jail sentence, 90 days probation and fees. With these three criminal history points, Marroquin fell within criminal history category II.

Marroquin argues the district court erred in assessing one criminal history point for the September 7, 1993, assault conviction and one criminal history point for the April 30, 1996, family violence protection act conviction. Marroquin does not dispute the district court's finding that his September 3, 1994, conviction for driving while under the influence warranted one criminal history point. Therefore, for us to affirm the district court's finding that Marroquin's criminal history point calculation properly placed him in category II, we need find that only one of the two disputed convictions was properly counted. *See* U.S.S.G. Ch. 5 Pt. A, Sentencing Table (showing category II as requiring 2 or 3 criminal history points).

To determine a defendant's criminal history category, a district court assigns a defendant criminal history points for each of his prior sentences of imprisonment and adds the points together. U.S.S.G. § 4A1.1. The total of the criminal history points determines the defendant's criminal history category. *See* U.S.S.G. § 4A1.1 commentary; U.S.S.G. Ch. 5 Pt. A, Sentencing Table. Section 4A1.2(c)(1) specifies that misdemeanor and petty offenses are counted in computing a criminal history score, except for certain enumerated offenses. Included among these enumerated offenses are "[l]ocal ordinance violations." U.S.S.G. § 4A1.2(c)(1). However, § 4A1.2(c)(1) does not define "local ordinance violations" to include "local ordinance violations that are also criminal offenses under state law." Thus, local ordinance violations that are also criminal offenses under state law are counted in computing a defendant's criminal history score. U.S.S.G. § 4A1.2(c)(1); see also Application note 12 to U.S.S.G. § 4A1.2(c)(1).

Marroquin was convicted September 7, 1993, for a misdemeanor assault in violation of City of Casper Municipal Code Chapter 9.08.010. Chapter 9.08.010 states "Whoever, having the present ability to do so, unlawfully attempts to commit a violent injury on the person of another, is guilty of an assault." Wyo. Stat. § 6-2-501(a) (1997) states "[a] person is guilty of simple assault if, having the present ability to do so, he unlawfully attempts to cause bodily injury to another." Because Marroquin's misdemeanor assault is both a local ordinance violation and a criminal offense under state law, it is properly counted as one criminal history point in his criminal history score.

United States v. Hooks, 65 F.3d 850, 855-56 (10th Cir. 1995).

The one criminal history point from the assault conviction combined with the one criminal history point from Marroquin's DUI conviction gives Marroquin a criminal history score of two. A score of two places him in category II. For this reason, we affirm the district court's finding that Marroquin's criminal history score computation placed him in category II..

Marroquin further argues the district court erred in not departing downward under § 4A1.3 which provides for a downward departure when the defendant's criminal history score significantly over-represents the seriousness of the defendant's criminal history. A district court's discretionary decision not to depart downward under U.S.S.G. § 4A1.3 is not reviewable and cannot be appealed. United States v. Jones, 80 F.3d 436, 439 (10th Cir. 1996). Thus, we do not have jurisdiction to review the district court's decision not to depart downward § 4A1.3.

AFFIRMED.

Entered for the Court


H. Dale Cook
U.S. District Judge

6