**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 15 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITE STATES OF AMERICA,

Plaintiff-Appellee,

v.

PETER PAUL CASTRO,

Defendant-Appellant.

No. 01-3128
(D.C. No. 98-CR-40096-01-DES)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **TACHA** , Chief Judge, **BALDOCK** , Circuit Judge, and **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Peter Paul Castro appeals his seventy-eight month sentence imposed upon the court's finding that his relevant conduct encompassed sales of ten pounds of amphetamine. We affirm.

On June 29, 1998, drug dealer Steve Simmons was arrested with slightly less than a pound and a half of a substance believed by Simmons to be methamphetamine. Subsequent testing revealed that the substance was actually amphetamine. On June 30, 1998, based on information provided by Simmons, defendant was arrested on charges of conspiring with Simmons to supply him with methamphetamine and with possession of amphetamine. When Simmons was interviewed in October 1998 by Kansas Bureau of Investigation Special Agent Kathy Bottorf, he told her that he sold methamphetamine for Castro; that he would generally obtain two or more ounces from Castro; that he obtained methamphetamine between a couple of times a week and a couple of times a month; and that he estimated that he had received approximately ten pounds of methamphetamine from Castro over time. He gave consistent testimony at a hearing before the grand jury that indicted Castro.

Castro eventually pled guilty to one count of conspiracy to distribute amphetamine in return for the government's promise to dismiss the original charges; to limit its evidence of relevant conduct to no more than ten pounds of amphetamine; to recommend a three-level downward adjustment for acceptance of

responsibility; and to refrain from objecting to defendant's motion for release pending sentencing. Defendant objected both to the presentence report recommendation that he be held accountable for ten pounds of amphetamine, and to testimony at the sentencing hearing regarding the quantity that would be counted as relevant conduct.

Simmons testified at the sentencing hearing, but stated that he could not remember many of the statements that he allegedly made to Special Agent Bottorf, and that some of the statements were incorrect. He did, however, remember stating that the total amount of drugs received from defendant was approximately ten pounds, and testified at the hearing that the actual amount could have been anywhere from three to ten pounds. *See* R., Vol. III at 27 (estimating amount as five to ten pounds, then three to ten pounds); at 30-31 (estimating amount as eight to ten pounds overall). He also testified that he had reason to fear that his testimony against Castro would endanger his wife and children. Special Agent Bottorf testified at the hearing, stating that when Simmons gave his statements he appeared lucid and coherent and did not appear to be under the influence of drugs. The district court found Simmons' testimony regarding the amount of drugs involved to be credible and sentenced defendant based on relevant conduct encompassing ten pounds of amphetamine.

On appeal, defendant argues that Simmons' testimony was too unreliable to support the court's sentence because Simmons was an addict and an interested witness, he was under the influence of drugs when he made the statements to Special Agent Bottorf, his hearing testimony was contradictory, and his memory was impaired by years of drug abuse. Defendant also argues that the standard for determining relevant conduct should be by clear and convincing evidence, based on the policies set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

We note initially that the Supreme Court's decision in *Apprendi* is not relevant to this case. *Apprendi* applies when a defendant is sentenced beyond the ten-year statutory maximum, which did not occur here. Pursuant to Tenth Circuit authority, relevant conduct need only be proved by a preponderance of the evidence. *United States v. Fortier*, 180 F.3d 1217, 1225 (10th Cir. 1999). We review the district court's determination of the amount of drugs to be attributed to defendant for clear error, giving deference to the court's credibility determinations. *See United States v. Hooks*, 65 F.3d 850, 854 (10th Cir. 1995). "We will not disturb a district court's factual finding [regarding drug quantity] unless it has no support in the record or, after reviewing all the evidence, we are firmly convinced that an error has been made." *Id.* (quotations omitted).

Defendant's arguments go to the weight of the evidence, which was determined by the district court after a hearing. The record contains sufficient

evidence to support the district court's determination that Simmons' estimate of ten pounds of drugs was credible and reliable, including Simmons' consistent testimony to Special Agent Bottorf and the grand jury; his estimate at the hearing that the amount could have been up to ten pounds; his testimony at the hearing that he was not under the influence of drugs when he met with Special Agent Bottorf; the special agent's testimony that Simmons was lucid and coherent at his interview; Simmons' confirmable information that defendant supplied him with the drugs; and the possibility that Simmons was reluctant to testify against defendant at the hearing because he feared for his family. On this record we will not disturb the district court's credibility determination. We therefore conclude that the court did not clearly err in accepting Simmons' ten-pound estimate for sentencing purposes. *See id.*

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge