**UNITED STATES of America,
Plaintiff,**

v.

**Clyde APPERSON, Defendant.**

No. 00–40104–02–RDR.

United States District Court,
D. Kansas.

Dec. 5, 2003.

Mark L. Bennett, Jr., Bennett & Hendrix, LLP, Topeka, KS, for Defendant.

Gregory G. Hough, Office of United States Attorney, Topeka, KS, for Plaintiff.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

On November 25, 2003 the court imposed sentence in this case. The purpose of this memorandum and order is to memorialize the sentence imposed by the court at the conclusion of the sentencing hearing.

On March 31, 2003, the defendant and his co-defendant, William Leonard Pickard, were found guilty by a jury of (1) conspiracy to manufacture, distribute and dispense 10 grams or more of a mixture or substance containing a detectable amount of lysergic acid diethylamide (LSD) in violation of 21 U.S.C. § 846, and (2) possession with intent to distribute or dispense 10 grams or more of a mixture or substance containing a detectable amount of LSD in violation of 21 U.S.C. § 841(a)(1).

The government and the defendant raised objections to the presentence report. The government raised two objections while the defendant raised numerous objections. The objections raised by the defendant were categorized by the

probation office into five objections. The court considered them as grouped by the probation office. The court conducted an extensive sentencing hearing with the government and the defendant providing evidence. The evidence offered focused on the drug quantities attributable to the defendant.

## GOVERNMENT'S OBJECTIONS

### Defendant's Base Offense Level

The government contends that the defendant's base offense level should be increased by two levels pursuant to U.S.S.G. § 2D1.2(a)(1) because a pregnant woman, Natasha Kluglova, was used in the conspiracy for which he was convicted. The government further argues that the defendant's offense level should be increased by three levels pursuant to U.S.S.G. § 2D1.10(a) because he and his co-defendant endangered the lives of several individuals during the manufacture and cleanup of his LSD manufacturing locations. The defendant, without providing any reasons, disagrees with the arguments of the government. The probation office contends that the government is misapplying the guidelines. The probation office suggests that U.S.S.G. § 2D1.1 is the appropriate guideline to determine the defendant's base offense level, and that the conduct here is not sufficient to warrant the use of §§ 2D1.2 or 2D1.10.

The court believes that the probation office has properly calculated the defendant's base offense level through the use of U.S.S.G. § 2D1.1. The court rejects the government's arguments that §§ 2D1.2 or 2D1.10 should be applied here.

### Role in the Offense

The government contends that the defendant's offense level should be increased by four levels pursuant to U.S.S.G. § 3B1.1 because he was an organizer or leader of criminal activity that involved five or more participants. The defendant, without providing any reasons, disagrees with the arguments of the government. The probation office contends that a two-level increase is all that is warranted under § 3B1.1 because the defendant did not exercise equal decision-making authority with co-defendant Pickard and he did not share equally in the fruits of the crime. The probation office suggests that the defendant was Pickard's "right-hand man."

■ U.S.S.G. § 3B1.1(a) provides that a defendant's offense level shall be increased by four points "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." The government bears the burden of proving by a preponderance of the evidence the facts necessary to establish the applicability of this enhancement. See *United States v. Cruz Camacho,* 137 F.3d 1220, 1224 (10th Cir.1998). In determining whether a defendant is a leader or organizer, a court should consider the following factors:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, comment. (n.4). "In considering these factors, the sentencing court should remain conscious of the fact that the gravamen of this enhancement is control, organization, and responsibility for the actions of other individuals because § 3B1.1(a) is an enhancement for organizers or leaders, not for important or essential figures." *United States v. Torres,* 53 F.3d 1129, 1142 (10th Cir.1995) (citations and quotations omitted). Nevertheless,

"[t]he Guidelines do not require that each of the factors be satisfied for § 3B1.1(a) to apply." *United States v. Bernaugh,* 969 F.2d 858, 863 (10th Cir.1992).

The court agrees with the probation office that a four-level enhancement under § 3B1.1 is not appropriate here. The court further agrees that a two-level enhancement is proper. The court finds that the evidence demonstrates that the defendant played a significant role in the LSD operation. He did not, however, have a status equivalent to that of Pickard. Pickard was clearly the leader and organizer of this conspiracy. The defendant did provide substantial assistance to Pickard and can properly be described as a manager or supervisor under § 3B1.1(c). Accordingly, the government's objection shall be denied.

## DEFENDANT'S OBJECTIONS

*Factual Background/Drug Quantities*

The defendant objects to a number of the factual statements contained in the presentence report. He argues that some portions of the report are inaccurate and other portions are irrelevant. The defendant also objects to the drug quantities found in the presentence report. The government and probation office assert the facts stated in the presentence report are accurate. They also contend that the drug quantities in the presentence report accurately reflect the trial testimony of DEA Forensic Chemist Timothy McKibben.

The court has undertaken a thorough review of the facts as set forth in the presentence report. The court has also carefully considered the objections made by the defendant. The court finds that the facts contained in the presentence report are substantially accurate and reflect the evidence provided at trial. Accordingly, these objections shall be denied.

The court shall next consider the defendant's arguments concerning the drug quantities. Drug quantities attributable to a defendant convicted of a conspiracy are established "on the basis of the quantity of drugs which [the defendant] reasonably foresaw or which fell within 'the scope' [of the defendant's] agreement with the conspirators." *United States v. Roberts,* 14 F.3d 502, 522 (10th Cir.1993) (citations, quotations and emphasis omitted). For sentencing purposes, the government bears the burden of proving the quantity of drugs by a preponderance of the evidence. *United States v. Hooks,* 65 F.3d 850, 854 (10th Cir.1995), cert. denied, 516 U.S. 1083, 116 S.Ct. 797, 133 L.Ed.2d 745 (1996). The district court may estimate the quantity provided the information underlying its estimate has "minimum indicia of reliability." *United States v. Browning,* 61 F.3d 752, 754 (10th Cir. 1995).

After a careful review of the evidence presented on this issue, both at trial and during the sentencing hearing, the court has determined that the quantities stated in the presentence report are accurate. In fact, they may be low, if anything. The amount of ergocrystine alone, when conservatively converted to LSD, produces an offense level at the top of the drug quantity table. Moreover, the court has not considered the LSD that was manufactured by the defendant at Aspen, Santa Fe and Ellsworth in arriving at the drug quantities contained in the presentence report. The evidence is very strong that considerable amounts of LSD were produced at Santa Fe and Ellsworth. The law is clear that some or all of the drug amounts from these activities could be considered relevant conduct here. See U.S.S.G. § 1B1.3. In sum, the court is thoroughly convinced that the drug amounts attributed to the defendant are

extremely conservative. Accordingly, this aspect of this objection shall be denied.

*Factual Support for Obstruction of Justice Adjustment*

The defendant objects to the information contained in paragraphs 93 and under the heading, "Adjustment for Obstruction of Justice." The defendant suggests that the information contained in those paragraphs is incomplete and fails to reflect what actually occurred. The government and the probation office assert that the information contained in these paragraphs is factually accurate.

The court agrees with the probation office and the government. The court finds the information in paragraphs 93 and 94 to be factually accurate. Accordingly, this objection shall be denied.

*Base Offense Level/Role in the Offense*

The defendant objects to the base offense level established in paragraph 97. He argues that, pursuant to U.S.S.G. § 2D1.1, his base offense level should be no greater than 30 because he occupied a minor role as defined in U.S.S.G. § 3B1.2(b). This objection shall be denied because the court has previously determined that the defendant was a manager or supervisor of the LSD manufacturing operation. The evidence before the court certainly does not indicate that the defendant had a "minor" role in the offense. Accordingly, this objection must be denied.

*Unlawful Discharge, Emission or Release of Hazardous or Toxic Substances/Unlawful Transportation of Hazardous Waste*

The defendant objects to the two-level enhancement contained in paragraph 98 pursuant to U.S.S.G. § 2D1.1(b)(5) for (1) the unlawful discharge, emission or release of a hazardous or toxic substance into the environment; and (2) the transportation of hazardous substances in and around various locations around the country. He as-serts that Pickard did the dumping of substances and that he had nothing to do with it. He further argues that the dumping of substances by Pickard was not reasonably foreseeable to him. He also contends that he only transported the equipment and that he did not transport the hazardous substances. The government asserts that the defendant has ignored the Pinkerton theory of this conspiracy. The probation office and the government contend that this enhancement is appropriate here.

■ The court is not persuaded that this enhancement should be applied to the defendant. The court does not find sufficient evidence that it was reasonably foreseeable that Pickard would take the action that he did in dumping the toxic liquids in this case. There is no evidence that the defendant was aware of the actions taken by Pickard concerning this dumping or that he approved of them. Without such evidence, the court cannot impose this enhancement upon the defendant. The court also finds insufficient evidence that the defendant transported "hazardous waste" as set forth in § 2D1.1(b)(5)(A)(ii). The defendant's objection on this issue shall be sustained.

*Obstruction of Justice*

The defendant objects to the two-level enhancement contained in paragraph 101 for obstruction of justice. The defendant suggests that the facts do not support a finding that he consciously attempted to obstruct justice. The government and the probation office assert that the obstruction of justice enhancement is proper here.

■ The court agrees with the probation office and the government. The defendant used the affidavit authored by Pickard at several points during these proceedings, including at the time of Pickard's testimony at trial. The defendant's reli-

ance upon the statements contained in the affidavit, despite overwhelming evidence to the contrary, constitutes obstruction of justice as set forth in U.S.S.G. § 3C1.1. Accordingly, this objection shall also be denied.

## CONCLUSION

With these rulings, the defendant's total offense level is 42 and his criminal history category is I. The application of the sentencing grid provides a sentencing range of 360 months to life. The court sentenced the defendant to a term of 360 months on each count, with the sentences to run concurrently.

**IT IS SO ORDERED.**